FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 JUL 25 PM 3: 27

JAMES RAMOS,

    Plaintiff,

vs.

CASE NO.: 6:13-cv-1128-Orl-22KRS

STELLAR RECOVERY, INC.,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331 and 1337. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012)

4. The alleged violations described in the Complaint occurred in Osceola County, Florida.

## **FACTUAL ALLEGATIONS**

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida

6. Plaintiff is a "consumer" as defined in in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

7. Plaintiff is an "alleged debtor."

8. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9. Defendant, Stellar Recovery, Inc., (hereinafter "Stellar"), is a corporation and a citizen of the State of Florida with its principal place of business at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

10. Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

12. Defendant called the Plaintiff approximately thirty (30) times, in an attempt to collect a debt. (See Exhibit A)

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back-to-back days, with such frequency as can reasonably be expected to harass.

15. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

16. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

17. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

18. In or about November 2012, Plaintiff began receiving calls to his cellular telephone, (321) 352-2991, from the Defendant in which they sought to collect a debt from "*Marian Esteva*".

19. On more than one occasion, in November 2012, December 2012 and January 2013, Plaintiff answered Defendant's call and, as instructed by the prerecorded message, pressed the number indicating he was not "*Marian*".

20. Despite actual knowledge, Plaintiff was not the correct party, the Defendant continued to contact the Plaintiff in an attempt to collect money.

21. In or about January 2013, Plaintiff returned Defendant's call to (407) 583-6631, and asked to speak with a supervisor. He informed the agent or representative of Defendant that he had been receiving calls for a "*Marian*" that this was not her number, and he wanted the calls to stop.

22. Despite the January 2013 conversation with Defendant, the Defendant continued to contact the Plaintiff in an attempt to collect money.

3

23. The continuing calls leave Plaintiff to believe that the Defendant is seeking payment from him, and the only way for the calls to stop is to pay the debt.

24. From January 2013, through the filing of this complaint, Defendant continued to call Plaintiff's cellular phone, using an automatic telephone dialing system, for *"Marian Esteva."*

25. Plaintiff receives cellular telephone service for the number (321) 352-2901 through a SafeLink prepaid account. Plaintiff retains this number only for use in emergencies and in order to avoid additional expense and use of prepaid minutes, Plaintiff allows the calls to go to voicemail.

26. Each voicemail left by the Defendant had the same, or substantially similar pre-recorded message, *"Marian Esteva, if you are not Marian Esteva please hang up or disconnect. If you are Marian Esteva, please continue to listen to this message. There will now be a three-second pause in this message. By continuing to listen to this message, you are acknowledging you are Marian Esteva. You should not listen to this message so that other people can hear it. It contains personal and private information. There will now be a three-second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 877-936-5298. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 877-936-5298."*

27. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's

4

cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

28. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse.

29. Defendant continued to call the Plaintiff every day per their corporate policy, from February 2013 through the filing of this complaint.

30. Plaintiff has received approximately thirty (30) calls in total from the Defendant..

31. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

32. Defendant corporate policy and procedures provided no means for the Plaintiff to have his cellular number removed from the call list.

33. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

34. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

35. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

36. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

### (Violation of the TCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the FCCPA)

40. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

41. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

6

43. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

45. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III

### (Violations of the FDCPA)

46. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

47. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

48. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

49. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

50. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

51. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Florida Bar No.: 0052284
William Peerce Howard, Esquire
Florida Bar No.: 0103330
Amanda J. Allen, Esq.
Florida Bar No.: 098228
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Fascimile: (407) 245-3485
-and-
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
JLee@ForThePeople.com
WHoward@ForThePeople.com
AAllen@ForThePeople.com
Attorneys for Plaintiff